Ed Hendricks, No. 002359
Amanda D. Crutchfield, No. 021735
MEYER HENDRICKS & BIVENS, PA
3003 North Central Avenue, Suite 1200
Phoenix, Arizona 85012-2915
(602) 604-2200

Attorneys for Plaintiffs Computer Software Innovations, Inc. and Substitute Online, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRONTLINE DATA, INC., a Pennsylvania corporation, | NO. CIV 04-066 TUC FRZ (JM) |
| Plaintiffs, v. | **JOINT REPORT AND PROPOSED CASE MANAGEMENT PLAN** |
| COMPUTER SOFTWARE INNOVATIONS, INC. D/B/A SUBSTITUTE ONLINE, INC., Washington corporations, | |
| Defendant. | |

### JOINT REPORT AND PROPOSED CASE MANAGEMENT PLAN

The parties, by and through undersigned counsel, set forth below their Joint Report and Proposed Case Management Plan.

**1.  Nature of the Case, Setting Forth in Brief Statements the Factual and Legal Basis of Plaintiff's Claims and Defendants' Defenses and Counterclaims.**

Plaintiff Frontline Data, Inc. ("Plaintiff" or "Frontline Data") is the assignee and owner of the right, title, and interest in and to U.S. Patent No. 6,675,151 (the "'151 patent") titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification." Plaintiff alleges that Defendants Computer Software Innovations, Inc.

- 2 -

("CSI") and Substitute Online, Inc. ("Substitute Online") (collectively, "Defendants") have introduced and are using a system and/or method for performing and facilitating absence procurement for substitute teachers and are infringing the '151 patent. Plaintiff also alleges that Defendants are a competitor of Frontline Data and that, upon information and belief, Defendants, acting alone or in concert with third parties, have directly copied the patent features of Frontline Data's system.

Defendants deny infringement of any valid claim of the '151 patent. Defendants allege that CSI's founder independently invented all of the relevant claimed inventions, did so prior to the invention by Frontline Data employees, and is therefore entitled to be the owner of the patent as to each relevant claimed invention. CSI has filed claims to this effect in the US Patent Office (an "Interference") that have not yet been decided by the Patent Office.

Defendants also allege that the patent is invalid because a key prior art document that was relied upon by the Patent Office to deny to CSI a patent claim like the key claim in this case (claim 3) was not considered by the Patent Office when it examined Frontline Data's claims.

Defendants have also counterclaimed against Frontline Data for a declaration that Frontline Data's patent is invalid with respect to all of the relevant claims.

**2.    The Factual and Legal Issues Genuinely in Dispute, and Whether They Can Be Narrowed by Stipulation or Motion.**

The primary issues are:

(A) whether any relevant claim is valid in light of prior art not before the Patent Office when the Frontline Data patent was issued;

(B) whether CSI's founder was the first to invent each relevant claim that is valid over the prior art; and

(C) whether CSI is infringing any valid claim to an invention first made by Frontline

Data's employees.

The US Patent Office has standard proceedings ("Reexamination" and "Interference") specifically tailored to efficiently decide the first two issues. The third issue will only need to be litigated if both of the other two issues are decided in favor of Frontline Data.

Defendants contend that the best way to proceed is for the first two issues to be presented to the Patent Office for decision and for the Court to stay the present litigation until these issues are decided by the Patent Office. Defendants are now preparing and will soon file a motion to this effect.

**3.  Jurisdictional Basis of the Case.**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States.

**4.  Parties, If Any, Which Have Not Been Served, as Well as Parties Which Have Not Filed an Answer or Other Appearance.**

None.

**5.  Parties Not Subject to Court's Jurisdiction.**

None.

**6.  Whether There Are Future Dispositive or Partially Dispositive Issues to Be Decided by Pretrial Motions, and the Legal Issues about Which Any Pretrial Motions Are Contemplated.**

After a period of discovery, one or more of the issues described in paragraph 2 above may be able to be determined by summary judgment.

**7.  Whether the Case is Suitable for Reference to Arbitration or to a Master, or Whether the Parties Consent to Trial Before a United States Magistrate Judge Pursuant to 27 U.S.C. § 636(c).**

This case is not suitable for reference to arbitration or to a master and the parties do not consent to a trial before a United States Magistrate Judge.

**8.   Status of Related Cases Pending Before Other Judges of this Court or Before Other Courts.**

There are no other cases pending in Courts.  Claims for an Interference proceeding on the patent in question have been filed by the Defendants in the US Patent Office.

**9.   A Statement of When Initial Disclosures Were Made or Will Be Made, or Any Proposed Changes in the Requirements for Initial Disclosures Set Forth in Rule 26(a), FED.R.CIV.P.**

Plaintiff has determined that Initial Disclosure Statements are due to be exchanged on September 27, 2005.  Plaintiff contends that Initial Disclosures should be made in advance of formal discovery for the reasons articulated in Fed. R. Civ. P. 26.

Defendants, however, suggest extending the date upon which Initial Disclosure Statements are due to be exchanged to November 24, 2005 because discovery was put on hold while (i) various jurisdictional and venue motions were being briefed and decided upon, and (ii) the parties attempted to negotiate a settlement.  The parties will therefore need the additional 59 days to conduct some preliminary discovery prior to exchanging Initial Disclosure Statements.

**10.  Suggested Changes, If Any, in the Limitations on Discovery Imposed by the Local Rules and the Federal Rules of Civil Procedure.**

None.

**11.  Proposed Deadlines for:**

(a)   filing motions to amend the complaint and to join additional parties:

**October 13, 2005**

(b)   pretrial disclosure of lay witnesses, expert witnesses, and expert testimony pursuant to Rule 26(a)(2) and (3), Fed.R.Civ.P.: **February 11, 2006** (initial)

**March 12, 2006** (rebuttal)

(c)   completing discovery:   **May 13, 2006**

    (d)    Motion for Markman hearings and/or filing dispositive motions:

                  **July 15, 2006**

                  **August 15, 2006** (response due)

                  **September 1, 2006** (reply due)

    (e)    lodging proposed joint pretrial order: **October 13, 2006**

    (f)    filing a joint letter to the Court concerning the status of settlement discussions:

                  **June 13, 2006**

**12.**    **In Class Actions, the Proposed Dates for Class Certification Proceedings, the Necessary Scope of Discovery, Proposed Notice Proceedings, and Other Class Management Issues.**

Not applicable.

**13.**    **Estimated Date and Length of Trial.**

November, 2006 (estimated 2 weeks).

**14.**    **Whether a Jury Trial Has Been Requested.**

A jury trial has been requested.

**15.**    **Prospects for Settlement, Including Any Request to Have a Settlement Conference Before Another Magistrate Judge or United States District Court Judge, or Other Request of the Court for Assistance in Settlement Efforts.**

The parties anticipate that after a period of discovery, they may consider participation in mediation.

**16.**    **Whether Any Unusual, Difficult, or Complex Problems or Issues Exist Which Would Require this Case to Be Placed on the Complex Track for Case Management Purposes Pursuant to Local Rule 2.12.**

The parties understand that the Court has scheduled this case for the Standard track.

/ / /

/ / /

**17.  Any Other Matters Which Counsel Feel Will Aid the Court in Expediting the Disposition of this Matter Efficiently.**

Defendants will soon file a motion to stay this action as described above.

DATED this 6th day of September, 2005.

| s/Stephen E. Baskin | s/Amanda Crutchfield |
|---|---|
| Kenneth A. Godlewski, Esq. (pro hac vice) | Jeff Haley, Esq. |
| Stephen E. Baskin, Esq. (pro hac vice) | GRAYBEAL JACKSON HALEY, LLP |
| Eric L. Sophir, Esq. | 155 108th Avenue, N.E. |
| KILPATRICK STOCKTON LLP | Suite 350 |
| 607 14th Street, NW – Suite 900 | Bellevue, WA 98004 |
| Washington, DC 20005-2018 | Telephone: (425) 455-5575 |
| Telephone: (202) 508-5800 | Facsimile: (425) 455-1046 |
| Facsimile: (202) 508-5858 | |
| and | and |
| Cary Sandman, Esq. | Ed Hendricks, Esq. |
| WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW AND VILLAMANA P.C. | Amanda Crutchfield, Esq. |
|  | MEYER, HENDRICKS & BIVENS, P.A. |
|  | 3003 North Central Avenue, Suite 1200 |
| 5210 E. Williams Circle | Phoenix, Arizona 85012-2915 |
| Suite 800 | Telephone: (602) 604-2200 |
| Tucson, AZ 85711 | Facsimile: (602) 263-5333 |
| Telephone: (520) 745-7811 |  |
| Facsimile: (520) 745-1279 | Attorneys for Defendants CSI and Substitute Online |
| Attorneys for Plaintiff Frontline Data, Inc. | |

BY THE COURT:

_____
The Hon. Jacqueline Marshall
United States Magistrate Judge

1  ORIGINAL and ONE COPY filed and hand-delivered to:
2  
3  The Hon. Frank R. Zapata
   United States District Court
   Evo A. DeConcini U.S. Courthouse
4  405 West Congress Street, Suite 5160
   Tucson, AZ 85701-5050
5  
6  The Hon. Jacqueline Marshall
   United States District Court
7  Evo A. DeConcini U.S. Courthouse
   405 West Congress Street, Suite 6650
8  Tucson, AZ 85701-5063

9  Copies of the foregoing mailed
   this 6th day of September, 2005, to:
10 
11 Cary Sandman
   Waterfall, Economidis, Caldwell,
      Hanshaw and Villamana P.C.
12 5210 E. Williams Circle
   Suite 800
13 Tucson, AZ  85711

14          -and-

15 Kenneth A. Godlewski (pro hac vice)
   Kilpatrick Stockton, LLP
16 607 14th Street, N.W.
   Suite 900
17 Washington, DC 20005-2018
   Attorneys for Plaintiff
18 
19 s/Amanda Crutchfield
   436881
20 
21 
22 
23 
24 
25 
26 

- 7 -